# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2344

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Cameron Foster, | * |
| | * |
| Appellant. | * |

———————

Submitted: April 15, 2009
Filed: August 14, 2009

———————

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and ROSENBAUM,[1] District Judge.

———————

COLLOTON, Circuit Judge.

Cameron Foster moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the sentencing guidelines. The district court granted the motion in part, reducing Foster's sentence from 162 months to 137 months' imprisonment. On appeal, Foster argues that the district court erred by refusing to appoint counsel to represent him and by failing to order a new presentence investigation report ("PSR") or to hold a hearing on his motion. He also contends that

———————

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

the district court abused its discretion by failing to consider Foster's post-sentencing conduct. As explained below, we conclude that a remand for further proceedings is warranted under the unusual circumstances of this case, based on a procedural flaw that came to light only during the proceedings in this court.

I.

In December 2002, Foster was convicted of possessing with intent to distribute cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1). *See United States v. Foster*, 344 F.3d 799 (8th Cir. 2003). At sentencing in February 2003, the district court found that Foster was responsible for at least 20 grams but less than 35 grams of cocaine base, calculated a guideline range of 130 to 162 months' imprisonment under the then-mandatory sentencing guidelines, and sentenced Foster to 162 months' imprisonment. Foster was represented at sentencing and on direct appeal by the federal public defender.

In January 2008, Foster moved *pro se* for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the sentencing guidelines, which was declared retroactive by the Sentencing Commission. Amendment 706, as modified by Amendment 711, changed the drug quantity table set forth at USSG § 2D1.1 to reduce by two levels the base offense levels for offenses involving cocaine base. Foster also sought the appointment of counsel to represent him in the § 3582(c) proceeding.

On January 15, 2008, the same day that Foster's motion was docketed, the Chief Judge of the Eastern District of Missouri entered an administrative order appointing the federal public defender to represent any defendant, like Foster, "previously determined to have been entitled to appointment of counsel, to determine whether or not that defendant may qualify to seek reduction of sentence and to present any motions or applications for reduction" arising out of the amendments to the crack-

cocaine guidelines. The order also provided for alternative appointments if the federal public defender determined that a conflict of interest prevented its representation of a defendant.

In response to Foster's motion, the government acknowledged that Foster was eligible for a reduced sentence, calculated an amended guideline range of 120 to 137 months' imprisonment, and recommended that the district court resentence Foster to 137 months' imprisonment. Foster filed a *pro se* reply, arguing that a 120-month sentence was appropriate, in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and his post-sentencing rehabilitation while incarcerated. *See* USSG § 1B1.10, comment. (n.1(B)). He submitted a twelve-page appendix to support his claims of rehabilitation, and requested that the court hold an evidentiary hearing. Apparently unbeknownst to Foster, the district court also received a memorandum from the probation office summarizing Foster's initial sentence, the calculation of his amended guideline range, and his "institutional adjustment" while incarcerated. The record reflects that the memorandum was transmitted to the federal public defender's office, which represented Foster in his underlying case.

On May 20, 2008, the district court granted Foster's motion in part. The court calculated an amended guideline range of 120 to 137 months' imprisonment, and resentenced Foster to 137 months' imprisonment. The court also denied Foster's motion for appointment of counsel and his request for a hearing.

II.

Foster challenges, among other things, the procedures used by the district court in considering his § 3582(c) motion. Because a sentence reduction proceeding is not a full resentencing, *see United States v. Starks*, 551 F.3d 839 843 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 2746 (2009), a district court has "considerable leeway" in determining the appropriate procedures. *United States v. Young*, 555 F.3d 611, 615

(7th Cir. 2009). We agree with other circuits that challenges to the procedures used by the district court to adjudicate motions under § 3582(c)(2) should be reviewed for abuse of discretion. *See United States v. Styer*, No. 08-2951, 2009 WL 766494, at \*2 (3d Cir. Mar. 25, 2009); *Young*, 555 F.3d at 615.

One of Foster's specific complaints is that the district court should have ordered the preparation of a new presentence report before ruling on the motion. It turns out, however, that the United States Probation Office ("USPO") *did* prepare a memorandum regarding Foster's request for reduction of sentence, and the memorandum was provided to the court for use in the § 3582(c) proceeding. Foster evidently was unaware of this memorandum because the probation office transmitted the document only to the federal public defender and not to Foster directly. The federal public defender represented Foster in the underlying criminal case, but never appeared on behalf of Foster in the § 3582(c) proceeding.[2]

The district court, having received the USPO memorandum, relied on certain derogatory information about Foster's behavior in prison as a basis to limit the extent of the reduction granted pursuant to § 3582(c), saying that Foster's institutional adjustment was "mixed at best." In another quirk of procedure, however, Foster was unaware that the district court had relied on a memorandum from the USPO in resolving the § 3582(c) motion, because the district court's order of May 20, 2008, which explained the court's rationale for its decision, was not docketed by the clerk of the district court.

Only after oral argument in this court did the district court learn that its explanatory order was not docketed. The order was finally docketed on April 15, 2009, and transmitted to this court. The district court explained in this order that

_____

[2]When the clerk of this court appointed the federal public defender to represent Foster on appeal, the public defender moved to withdraw based on an asserted conflict of interest. This court granted the motion, and appointed substitute counsel.

while it granted Foster's motion under § 3582(c), the court was not persuaded to reduce his sentence to the bottom of the amended guideline range. Rather, the court stated that it had "carefully considered the matter and [was] persuaded again to sentence defendant at the top of the now-applicable Guidelines range, in view of all appropriately considered factors, *including [Foster's] institutional adjustment after sentencing, which is mixed at best*." (R. Doc. 104, at 3) (emphasis added).

The district court has considerable discretion in deciding how to evaluate a § 3582(c) motion, but the procedure used in this case violates the generally accepted principle that a criminal defendant should have access to the material on which the court will base its sentencing decision and an opportunity to respond to information that is prejudicial to the defendant's cause. This principle is embodied in Federal Rule of Criminal Procedure 32 with respect to original sentencing proceedings, *see United States v. Lovelace*, 565 F.3d 1080, 1091-93 (8th Cir. 2009); *United States v. Hayes*, 171 F.3d 389, 392 (6th Cir. 1999), and although Rule 32 does not by its terms apply to a § 3582(c) proceeding, the basic right to be apprised of information on which the court will rest its decision should be incorporated into the procedures employed by a district court under § 3582(c). *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999) (holding that a defendant must be apprised of the contents of a PSR addendum considered by the district court in a § 3582(c) proceeding); *United States v. Curran*, 926 F.2d 59, 62-63 (1st Cir. 1991) (invoking supervisory authority to require disclosure to defendant of documents to which Rule 32 does not apply at an original sentencing). Here, apparently due to a misunderstanding about whether Foster was represented by the federal public defender in the § 3582(c) proceeding, the district court and the probation office failed to provide Foster with the USPO memorandum. As a result, Foster was not aware that this document was before the court, and he was unable to respond to information in that memorandum on which the district court relied to reject Foster's request for a greater reduction in sentence.

Foster did not raise this precise argument on appeal, but we have authority to consider the matter *sua sponte*. *See DeRoo v. United States*, 223 F.3d 919, 926 (8th Cir. 2000); *United States v. Granados*, 168 F.3d 343, 346 (8th Cir. 1999) (per curiam). The propriety of the district court's reliance on a memorandum that was not furnished to Foster is closely related to Foster's arguments that the district court erred by failing to order a supplemental PSR and failing to consider his post-sentencing conduct. Foster had no way to know about the USPO memorandum until after he filed his opening brief in this court, at which time the memorandum was mentioned in the government's brief, discussed at oral argument, and revealed to have been relied upon in the newly docketed order of the district court. Given that the district court specifically relied on negative information from the memorandum as a basis to sentence Foster at the top of the amended guideline range, we cannot say that the procedural error was harmless.

For these reasons, we conclude that the procedure employed with respect to the USPO memorandum was an abuse of discretion under the circumstances of this case, and that Foster is entitled to an opportunity to review and respond to the memorandum before the district court resolves the § 3582(c) motion. Accordingly, the district court's amended judgment filed on May 20, 2008, is vacated, and the case is remanded for further proceedings with respect to Foster's motion for reduction of sentence under 18 U.S.C. § 3582(c).

_____