# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2795

_____

United States of America

*Plaintiff - Appellee*

v.

Edward Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 11, 2016
Filed: September 2, 2016

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

LOKEN, Circuit Judge.

Edward Jones appeals the district court's[1] denial of an 18 U.S.C. § 3582(c)(2) sentence reduction based upon Sentencing Guidelines Amendment 782, which in most cases retroactively reduced the drug quantity determination by two base offense

---

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

levels.  See United States v. Thomas, 775 F.3d 982, 982-83 (8th Cir. 2014); U.S.S.G. § 1B1.10(d) and (e)(1).

On January 28, 2014, Jones pleaded guilty to one count of conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.  At sentencing, the district court determined that his total offense level was 29 and his criminal history category was V, resulting in an advisory guidelines range of 140 to 175 months in prison.  Jones and the government sought a two-level downward variance in anticipation of the proposed Amendment 782.  The court denied a variance because the Amendment was not yet the law and imposed a 140-month sentence, explaining:

> Even if the guideline reduction were to go through . . . I think the [offense level] would be 27, criminal history V, which I read as [a range of] 120 to 150 months.  Correct?
>
> [AUSA] LIGHTFOOT:  Yes, Your Honor.
>
> THE COURT:  So there is considerable overlap.  After I analyzed this case using the 3553(a) factors, I determined the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is a 140-month sentence.  This would be my sentence even if [Amendment 782 is] adopted by Congress and there's a retroactive imposition of this 2-level reduction.  It wouldn't change [the sentence] at all . . . .  And the reasons are pretty much as stated by Mr. Lightfoot.  We've got uncharged criminal conduct. . . .  [A]t a minimum we have felon in possession, and that wasn't taken into account . . . .  [I]f he's trafficking in firearms off the street, might even be a different charge than felon in possession. . . .  The quantity of drugs.  The very concerning conduct that he engaged in after he fled the jurisdiction; he basically set himself up to continue to deal dope in Chicago . . . .  Lastly, his lack of respect for the law.

In July 2015, acting on a report from the probation office, the district court issued an Order stating that Jones "is eligible for a sentence reduction" under § 3582(c)(2) and U.S.S.G. § 1B1.10 because Amendment 782 was now in effect and would reduce his amended guidelines range to 120 to 150 months in prison. However, the district court denied a reduction, explaining:

> [H]aving reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court deems it appropriate to exercise its discretion and to deny the defendant a reduction that is permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. During the sentencing hearing, the court made clear that any reduction related to Amendment 782 (subject to subsection (e)(1)) would not be warranted in light of aggravating factors, including but not limited to the uncharged criminal conduct, the amount of drugs and the lack of respect for the law. The court stands by its prior determination.

On appeal, Jones argues that the Supreme Court's decision in Dillon v. United States, 560 U.S. 817 (2010), "mandates" that a defendant eligible for a sentence reduction under § 3582(c)(2) and § 1B1.10 is "entitled to the sentence as if the amendment was allowed at the time of [initial] sentencing." We disagree. In Dillon, the Court explained that, when a defendant is eligible for a reduction, "§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." Id. at 827. In other words, as we have often stated, "§ 3582 does not entitle a defendant to a sentencing reduction." United States v. Van Osten, 639 F. App'x 393, 394 (8th Cir. 2016).

Alternatively, Jones argues that it "should be considered abuse of discretion" when the district court initially sentences a defendant at the low end of the guidelines

range and then maintains the same sentence after a two-level retroactive guidelines amendment. Though there is surface logic to this contention, it misconstrues the nature of a district court's sentencing discretion. There is nothing illogical about a district court concluding that the broadly stated § 3553(a) sentencing factors lead to imposition of the same sentence, even if one of the complex advisory guidelines determinants, here, drug quantity, has been amended. The district court fully explained its reasons for reaching that conclusion in this case, both before and after Amendment 782 became effective. Both times, the court examined all the § 3553(a) factors, including drug quantity and various legitimate aggravating factors. It concluded that a 140-month sentence was "sufficient but not greater than necessary to achieve the goals of sentencing." There was no abuse of discretion. Cf. United States v. Hernandez-Marfil, 825 F.3d 410, 411-413 (8th Cir. 2016) (anticipating Amendment 782, district court granted 7-month variance from bottom of range at initial sentencing; no abuse of discretion to deny further reduction to bottom of amended range when Amendment 782 became effective).

Finally, Jones argues the district court abused its discretion by basing its decision in part on his post-sentence conduct because the probation office's report did not include any such information. This contention is without merit. It is the defendant's burden to establish that he warrants a § 3582(c)(2) reduction. The district court *may* consider post-sentencing rehabilitation as warranting a reduction, so the record often includes evidence of positive post-sentence conduct. Thus, the district court may also consider the lack of positive post-sentence information in denying a reduction.

The Order of the district court dated July 21, 2015, denying Jones a § 3582(c)(2) sentence reduction, is affirmed.

_____

-4-