NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0660n.06

Nos. 17-5080/5193

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 29, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| JASON VESTAL; JOSHUA WHITSON, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

PER CURIAM. In this consolidated appeal, Jason Vestal and Joshua Whitson challenge the district court's denial of their motions for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). As set forth below, we affirm.

In 2012, a federal grand jury returned an indictment charging Vestal, Whitson, and others with conspiracy to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Pursuant to plea agreements, both Vestal and Whitson pleaded guilty to the lesser included offense of conspiracy to manufacture more than 5 grams but less than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.

In his plea agreement, Vestal admitted purchasing 16.18 grams of pseudoephedrine, which converted to 161.80 kilograms of marijuana. Using that drug quantity, Vestal's presentence report calculated a guidelines range of 92 to 115 months of imprisonment based on a

total offense level of 23 and a criminal history category of VI. At sentencing, the district court granted the government's motion for a one-level downward departure based on Vestal's substantial assistance and recalculated the guidelines range as 84 to 105 months of imprisonment. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Vestal to 84 months of imprisonment and four years of supervised release.

In his plea agreement, Whitson admitted purchasing 40.04 grams of pseudoephedrine, which converted to 400.40 kilograms of marijuana. Using that drug quantity, Whitson's presentence report calculated a guidelines range of 110 to 137 months of imprisonment based on a total offense level of 25 and a criminal history category of VI. At sentencing, the district court granted the government's motion for a one-level downward departure based on Whitson's substantial assistance and recalculated the guidelines range as 100 to 125 months of imprisonment. Varying downward from that range based on the § 3553(a) factors, the district court sentenced Whitson to 96 months of imprisonment and five years of supervised release.

Seventeen months later, Vestal and Whitson both moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines, which amended USSG § 2D1.1's drug quantity table to reduce by two levels the base offense level for most drug offenses. In response, the government acknowledged both defendants' eligibility for a sentence reduction but deferred to the district court's discretion whether and to what extent to grant a reduction. The district court denied Vestal's and Whitson's motions, concluding that a sentence reduction was not warranted based on its analysis of the relevant § 3553(a) factors, public safety considerations, and post-sentencing conduct, specifically both defendants' disciplinary infractions and Vestal's drug treatment failure.

Vestal and Whitson filed timely appeals, which this court consolidated. Vestal contends that the district court abused its discretion in denying his motion for a sentence reduction by (1) reaching outside the record to support the denial of his motion, (2) mischaracterizing the facts of the underlying offense, and (3) essentially holding that methamphetamine offenses are too serious to be considered for § 3582(c)(2) relief. Whitson argues that the district court erred in failing to provide notice and an opportunity to respond to new information upon which it relied to deny a sentence reduction. In response, the government asserts that we lack jurisdiction over this appeal under 18 U.S.C. § 3742(a). *See United States v. Bowers*, 615 F.3d 715, 722-23 (6th Cir. 2010). The defendants' argument that the district court considered information in violation of their due process and privacy rights is a cognizable "violation of law" appealable under § 3742(a)(1).

Pursuant to 18 U.S.C. § 3582(c)(2), the district court may grant a sentence reduction if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Where, as here, the district court determines that a defendant is eligible for a sentence reduction pursuant to § 3582(c)(2) but concludes that a reduction is not warranted under the circumstances, we review for an abuse of discretion. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or applies the incorrect legal standard." *Id*.

The district court may consider post-sentencing conduct in determining whether a sentence reduction is warranted. USSG § 1B1.10, comment. (n.1(B)(iii)). Among the reasons

for denying Vestal a sentence reduction, the district court noted that he had failed a drug education class and did not qualify for participation in the residential drug abuse program. The district court relied in part on Whitson's Bureau of Prisons disciplinary record to deny him a sentence reduction. Vestal and Whitson both contend that the district court abused its discretion in considering this outside-the-record information without providing notice or an opportunity to respond.

Neither Vestal nor Whitson asserts that the information cited by the district court was incorrect. *See United States v. Light*, 674 F. App'x 548, 550 (6th Cir. 2017) ("Notably, Defendant, who was in the best position to know the facts, does not contend—or even suggest— that what the district court and the United States said about his disciplinary record or post-sentence conduct isn't true."). "Had that been the case, [they] could have sought reconsideration on that ground." *Id*. at 551; *see* USSG § 6A1.3(a) ("When any factor important to the sentencing determination is *reasonably in dispute*, the parties shall be given an adequate opportunity to present information to the court regarding that factor." (emphasis added)). In support of his argument that a defendant is entitled to notice and an opportunity to respond, Whitson cites several cases from outside this circuit. But the defendants in those cases disputed the new information or had no opportunity to seek reconsideration. *Cf. United States v. Neal*, 611 F.3d 399, 401-02 (7th Cir. 2010); *United States v. Foster*, 575 F.3d 861, 863-64 (8th Cir. 2009); *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999); *United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995) (per curiam). *But see United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) (holding that "each party must be given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding"). Given that neither

Vestal nor Whitson asserts that the district court was mistaken about his post-sentencing conduct, we can discern no abuse of discretion. *See Light*, 674 F. App'x at 551.

Vestal further contends that the district court abused its discretion in obtaining private information related to his drug treatment status, citing regulations that prohibit the disclosure of inmate-related data. There is no indication that the district court received Vestal's treatment records. In any event, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The district court did not abuse its discretion in noting that Vestal had failed a drug education class and did not qualify for participation in the residential drug abuse program—facts that he does not dispute.

According to Vestal, the district court mischaracterized the facts of the underlying offense, exaggerated his offense conduct, and considered methamphetamine offenses too serious to warrant § 3582(c)(2) relief. These remaining arguments challenge the reasonableness of the district court's decision and fail to state a cognizable "violation of law" appealable under § 3742(a)(1). *See Bowers*, 615 F.3d at 727.

For these reasons, we **AFFIRM** the district court's orders denying Vestal's and Whitson's motions for a sentence reduction.