# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1652
_____

United States of America

*Plaintiff - Appellee*

v.

Roy Rodriguez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: April 14, 2020
Filed: June 1, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

PER CURIAM.

Roy Rodriguez pleaded guilty to conspiring to distribute methamphetamine and was sentenced to 262 months in prison, the bottom of his Guidelines range of 262–327 months. While he was still serving that sentence, Amendment 782 to the Guidelines lowered Rodriguez's recommended range to 210–262 months. Rodriguez

moved for a sentencing modification under 18 U.S.C. § 3582(c)(2), and the probation office submitted an eligibility report listing four prison conduct violations. The district court[1] reduced his sentence to 230 months, near the middle of his Guidelines range, based in part on the reported conduct violations. Rodriguez moved for reconsideration, requesting a bottom-of-the-range sentence, but the district court denied that motion.

Rodriguez appeals and argues that the district court erred in denying his motion for reconsideration without affording him a hearing to contest factual allegations in the report. He also argues the court should have provided him with a hearing to present mitigating evidence in support of his requested sentence.

Sentencing modification is discretionary with the district court. United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993). It may be appropriate when a defendant "was sentenced based on a guideline range subsequently lowered by the Sentencing Commission." United States v. Whiting, 522 F.3d 845, 852 (8th Cir. 2008). Sentencing modifications are not resentencings, and district courts have "considerable leeway" in crafting procedures for evaluating § 3582(c)(2) motions. United States v. Foster, 575 F.3d 861, 862 (8th Cir. 2009) (internal quotation omitted). We review the procedures used to adjudicate such motions and the decision to grant a reduction for an abuse of discretion. Id. at 863. We review constitutional challenges de novo. United States v. Johnson, 703 F.3d 464, 466–67 (8th Cir. 2013).

Rodriguez asserts that he had a constitutional due process right to a hearing to dispute the eligibility report and present mitigating evidence. No defendant is entitled to a sentencing reduction, so due process requirements are generally not implicated because "[n]o new deprivation of liberty can be visited upon him by a proceeding

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

that, at worst, leaves his term of imprisonment unchanged." Id. at 470–71. But we have recognized that a defendant requesting a reduction has the right to "be apprised of information on which the court will rest its decision," Foster, 575 F.3d at 863, and the Guidelines require district courts to provide "an adequate opportunity to present information to the court regarding" "any factor important to [its] sentencing determination [that] is reasonably in dispute." U.S.S.G. § 6A1.3(a); see United States v. Neal, 611 F.3d 399, 402 (7th Cir. 2010) (section 6A1.3(a) applies in proceedings under § 3582(c)(2)).

Rodriguez was afforded all the process he was due under Foster and the Guidelines. He was given the opportunity to present favorable evidence in writing and has offered no convincing reason that he required a hearing as well. Indeed, he submitted a collection of letters from his family and friends to show he has a strong social network that will help him acclimate to life outside of prison.[2] As for the argument that he should have been given the opportunity to contest the allegations in the eligibility report, nothing in § 6A1.3(a) requires a hearing, merely "an adequate opportunity to present information." Even then, that requirement is only triggered after a defendant puts a factor "reasonably in dispute." U.S.S.G. § 6A1.3(a).

Rodriguez had the report before the district court reduced his sentence and by the time he moved for reconsideration, he knew the district court's decision to sentence him near the middle of his new Guidelines range rested on prison conduct violations described in the report. He was the subject of the report; his prison disciplinary history was well known to him. See Neal, 611 F.3d at 401 ("[I]t was *his*

---

[2]Rodriguez suggests in reply that the district court ignored this mitigating evidence. The record contradicts that claim. Although the district court did not reduce his sentence in response to the letters, it did state that it reviewed the whole record in deciding the motion for reconsideration. See United States v. Hernandez-Marfil, 825 F.3d 410, 412 (8th Cir. 2016) (per curiam) (district court was not required to adjust sentence in response to evidence of rehabilitation).

history; who knew it better?").  If he had specific objections, he was well positioned to present them in his motion for reconsideration, if not before.  Without specific objections, he has not put any factor "reasonably in dispute" and cannot show that a hearing was required.  See U.S.S.G. § 6A1.3(a).  The district court properly considered his post-conviction conduct described in the report.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

In reply, Rodriguez argues that the district court failed to adequately explain its reasons for rejecting his motion to reconsider.  This argument is waived, since it was not adequately raised in his opening brief.  United States v. Wearing, 837 F.3d 905, 910 n.6 (8th Cir. 2016) (per curiam).  Nevertheless, we note that while both of the district court's orders were spare, they provided "[s]ome statement of the district court's reasoning," allowing for meaningful appellate review.  United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010).

Rodriguez failed to carry his burden to show a greater § 3582(c)(2) reduction was warranted.  See Jones, 836 F.3d at 899.  The district court provided him with an adequate opportunity to be heard, and it did not abuse its discretion in denying reconsideration.  We affirm.

_____