# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1613

———————————————

United States of America

*Plaintiff - Appellee*

v.

Enrique Ramirez

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: April 14, 2020
Filed: June 1, 2020
[Unpublished]

——————————

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

——————————

PER CURIAM.

Enrique Ramirez pleaded guilty to conspiring to distribute methamphetamine and was sentenced to 180 months in prison, 12 months above the bottom of his Guidelines range of 168–210 months. While he was still serving that sentence, Amendment 782 to the Guidelines lowered Ramirez's recommended range to

140–175 months.  Ramirez moved for a sentencing modification under18 U.S.C. § 3582(c)(2), and the probation office submitted an eligibility report listing "three conduct violations for assaultive behavior."  The district court[1] reduced his sentence to 157 months, based in part on his "continued assaultive behavior while in custody."  Ramirez moved for reconsideration, requesting a sentence of 152 months—12 months above the bottom of his new range—to match his original sentence, but the district court denied that motion.

Ramirez appeals and argues that the district court erred in denying his motion for reconsideration without affording him a hearing to contest factual allegations in the report.  He also argues the court should have provided him with a hearing to present mitigating evidence in support of his requested sentence.

Sentencing modification is discretionary with the district court.  United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).  It may be appropriate when a defendant "was sentenced based on a guideline range subsequently lowered by the Sentencing Commission."  United States v. Whiting, 522 F.3d 845, 852 (8th Cir. 2008).  Sentencing modifications are not resentencings, and district courts have "considerable leeway" in crafting procedures for evaluating § 3582(c)(2) motions.  United States v. Foster, 575 F.3d 861, 862 (8th Cir. 2009) (internal quotation omitted).  We review the procedures used to adjudicate such motions and the decision to grant a reduction for an abuse of discretion.  Id. at 863.  We review constitutional challenges de novo. United States v. Johnson, 703 F.3d 464, 466–67 (8th Cir. 2013).

Ramirez asserts that he had a constitutional due process right to a hearing to dispute the eligibility report and present mitigating evidence.  No defendant is entitled to a sentencing reduction, so due process requirements are generally not implicated

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

because "[n]o new deprivation of liberty can be visited upon him by a proceeding that, at worst, leaves his term of imprisonment unchanged." Id. at 470–71. But we have recognized that a defendant requesting a reduction has the right to "be apprised of information on which the court will rest its decision," Foster, 575 F.3d at 863, and the Guidelines require district courts to provide "an adequate opportunity to present information to the court regarding" "any factor important to [its] sentencing determination [that] is reasonably in dispute." U.S.S.G. § 6A1.3(a); see United States v. Neal, 611 F.3d 399, 402 (7th Cir. 2010) (section 6A1.3(a) applies in proceedings under § 3582(c)(2)).

Ramirez was afforded all the process he was due under Foster and the Guidelines. He had the opportunity to present mitigating evidence in writing but did not avail himself of that opportunity. He referred to his "post-conviction rehabilitation efforts" in his motion for a reduced sentence, but did not offer specifics or submit any evidence of such efforts. As for the argument that he should have been given the opportunity to contest the allegations in the eligibility report, nothing in § 6A1.3(a) requires a hearing, merely "an adequate opportunity to present information." Even then, that requirement is only triggered after a defendant puts a factor "reasonably in dispute." U.S.S.G. § 6A1.3(a).

At the time he moved for reconsideration, Ramirez knew the district court's decision to sentence him 17 months above the bottom of his new Guidelines range rested on prison conduct violations described in the report.[2] He was the subject of the

_____

[2]In reply, Ramirez appears to contest whether he was given the report before the district court made its initial modification decision and also claims he was never given the sources underlying the report. As to the first claim, there is no dispute that he had the report at the time he requested reconsideration. As to the second, Foster only required defendants "be apprised of information on which the court will rest its decision," not the sources underlying the information given to the court. 575 F.3d at 863.

report; his prison disciplinary history was well known to him. See Neal, 611 F.3d at 401 ("[I]t was *his* history; who knew it better?"). If he had specific objections, he was well positioned to present them in his motion for reconsideration. Without specific objections, he has not put any factor "reasonably in dispute" and cannot show that a hearing was required. See U.S.S.G. § 6A1.3(a). The district court properly considered his post-conviction conduct described in the report. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

Ramirez failed to carry his burden to show a greater § 3582(c)(2) reduction was warranted. Id. The district court provided him with an adequate opportunity to be heard, and it did not abuse its discretion in denying reconsideration. We affirm.

_____