# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1622
_____

United States of America,

*Plaintiff - Appellee*,

v.

Ivan M. Tofiga,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted:  February 14, 2020
Filed: June 2, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.
_____

PER CURIAM.

This appeal concerns a ruling of the district court[1] on a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). The appellant, Ivan Tofiga, objects to the procedures employed by the district court in resolving his motion.

In 2006, Tofiga pleaded guilty to one count of conspiracy to distribute methamphetamine and one count of conspiracy to commit money laundering. At sentencing, the district court calculated an advisory guideline range of 324 to 405 months' imprisonment, and sentenced Tofiga at the bottom of the range.

In 2015, Tofiga moved *pro se* under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 782 to the sentencing guidelines. That amendment retroactively lowered the offense level under the guidelines for certain drug trafficking offenses. The probation office prepared an eligibility report that included a discussion of disciplinary infractions that Tofiga had sustained while incarcerated. The district court calculated a new advisory range of 262 to 327 months, and reduced Tofiga's sentence from 324 months to 294 months. The court's statement of reasons explained that Tofiga had "incurred numerous assaultive conduct violations" in the Bureau of Prisons, so a sentence in the middle of the amended guideline range was appropriate. R. Doc. 662, at 2.

With the assistance of counsel, Tofiga then moved the court to reconsider the order. The district court denied the motion, explaining that the sentence of 294 months was sufficient but not greater than necessary to serve the purposes of sentencing under 18 U.S.C. § 3553(a). The court explained that relevant information about Tofiga's

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

history and characteristics included six conduct violations while in prison as well as a record of his work history and programming or class history while in custody.

On appeal, Tofiga asserts that the district court deprived him of liberty without due process of law, because Tofiga could not contest the allegations of prison misconduct or produce mitigating evidence. Tofiga's due process claim is foreclosed by *United States v. Johnson*, 703 F.3d 464 (8th Cir. 2013), which held that proceedings to reduce a sentence under § 3582(c)(2) "do not implicate a constitutionally protected liberty interest." *Id.* at 471 (internal quotation omitted).

Tofiga suggests alternatively that even if there is no due process right, the district court abused its discretion by failing to afford him an opportunity to respond to negative information that could have affected the decision on sentence reduction. *See United States v. Foster*, 575 F.3d 861, 863 (8th Cir. 2009); USSG § 6A1.3(a); *see also United States v. Neal*, 611 F.3d 399, 402-03 (7th Cir. 2010). The point has no merit on this record. Tofiga had an adequate opportunity to contest the allegations of prison misconduct that were set forth in the eligibility report. His motion to reconsider referred to the report, expressly disputed each of the alleged violations, and argued that there was only a single instance of assaultive conduct from five years earlier. R. Doc. 665, at 2-3. The district court received Tofiga's submission, but was simply not persuaded to grant a greater reduction in sentence.

The judgment of the district court is affirmed.

_____