**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2057
_____


UNITED STATES OF AMERICA

v.

PAUL HARMON,

                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:20-cr-00382-001)
District Judge: Honorable J. Nicholas Ranjan

_____

Argued on June 24, 2025


Before: MONTGOMERY-REEVES, ROTH, and AMBRO,
Circuit Judges


(Opinion filed August 14, 2025)

Stacie M. Fahsel **(Argued)**
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222

Counsel for Appellant

Laura S. Irwin
Matthew S. McHale **(Argued)**
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

Counsel for Appellee

---

OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

Paul Harmon pled guilty in 2021 to one count of wire fraud. In 2024, he moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction because of a new, retroactive section of the Sentencing Guidelines, U.S.S.G. § 4C1.1. The District Court, relying on a victim impact statement from the initial sentencing, denied the motion on the ground that Harmon's crimes had caused substantial financial hardship to his victims. It offered Harmon no opportunity to challenge the facts in the statement at the motion-for-sentence-reduction stage. He

appeals, contending the Court's reliance on that statement violated his due-process rights.

We hold that U.S.S.G. § 6A1.3(a), which outlines due-process protections for sentencing, applies to the consideration of motions for sentence reduction under 18 U.S.C. § 3582(c)(2). Put simply, defendants must be "given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010). Applying this rule here, we affirm Harmon's sentence because the information he seeks to contest is not new.

# I

For more than 40 years, Harmon worked as an accountant for a family-owned electrical engineering firm, the Fuellgraf Electric Company, eventually becoming controller of the firm. Following a scheme through which he embezzled more than a million dollars, he was charged in 2020 with one count of wire fraud, 18 U.S.C. §§ 2, 1343, and he pled guilty in 2021.

With no prior criminal history and a total offense level of 20, Harmon's Guideline range of imprisonment was 33–41 months. Neither the presentence report (PSR) nor the Government recommended an enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(iii), which adds two offense levels if the crime underlying a fraud conviction "resulted in substantial financial hardship to one or more victims."

Before sentencing, the president of Fuellgraf Electric, Charles "Chud" Fuellgraf III, submitted a victim impact letter.

3

He then shared a victim impact statement during the sentencing hearing. He described the betrayal and financial difficulty his family experienced. He noted that the family spent almost $400,000 on lawyers and accountants to address the damage done by Harmon and that the business overpaid taxes by more than $800,000 because of the fraud. Fuellgraf added that Harmon embezzled almost $30,000 from employees via benefit programs, gambled more than $3.3 million, and faked having cancer to explain his absences from work. Fuellgraf used his retirement accounts, personal property, and family money and real estate to try to save the company, but Fuellgraf Electric shut down in 2021 after 75 years of business. He expressed that he will no longer be able to retire or to leave anything for his children.

Though the Government did not move for any upward departure or variance, the District Court observed:

> I know the [G]overnment here is arguing for a [G]uideline sentence but this is a case where the [G]uidelines actually understate the severity of what you have done here. It doesn't account for the multiple victims here, it doesn't account for what I tally [as] an additional million dollars at least of additional financial loss and it doesn't account for the ruin of a family business here. So in my estimation, the [G]uidelines here, they don't go far enough.
>
> So in considering all these factors and weighing some differently than others here, I think a [G]uideline sentence is not sufficient enough. I think what I see before me is somebody who

4

> betrayed trust and[,] for lack of a better term, really acted as a parasite on this family and family business and sucked the blood and life out of it and now has to bear some of those consequences.

App. 89–90. It varied upward and imposed a sentence of 72 months' imprisonment.[1] The "substantial financial hardship" enhancement was not applied or discussed.

In 2023, the Sentencing Commission promulgated Amendment 821, which created § 4C1.1 of the Guidelines. That section permits a two-offense-level decrease for certain defendants with no criminal history, and it applies retroactively. But it excludes defendants who "personally cause[d] substantial financial hardship." U.S.S.G. § 4C1.1(a)(6).

In May 2024, Harmon moved for a sentence reduction under § 4C1.1, and the Government did not oppose the motion. Because Harmon's existing sentence was about 75% greater than the prior Guideline range, he asked the District Court for a reduced sentence that was proportionally identical—75% higher than his potential reduced range under § 4C1.1. The updated Guideline range was 27–33 months, so Harmon requested a 57-month term of imprisonment.

The District Court, relying on the victim impact statement and letter, denied the motion. It followed the two-

---

[1] Harmon appealed the substantive reasonableness of his sentence, which we affirmed in an unpublished opinion. *United States v. Harmon*, No. 21-2512, 2023 WL 2423471 (3d Cir. Mar. 9, 2023).

step inquiry for ruling on § 3582(c)(2) motions: (1) assessing "the prisoner's eligibility for a sentence modification"; and (2) if he is eligible, deciding whether the modification is warranted under the applicable sentencing factors in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010). At the first step, it found that Harmon "personally cause[d] substantial financial hardship," meaning he was ineligible for the reduction under U.S.S.G. § 4C1.1(a)(6). App. 11 (alteration in original) (quoting § 4C1.1(a)(6)). In a footnote, the Court reasoned that "in hindsight, [it] probably should have applied the Section 2B1.1 'substantial financial hardship' enhancement at the time of sentencing." App. 13 n.2. Though it did not need to reach the second step in light of its ineligibility conclusion, the Court also noted that the § 3553(a) factors did not favor a reduction. Harmon timely appealed.

## II

The District Court had jurisdiction over Harmon's federal offense under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 to review the final order denying his sentence reduction.

Harmon preserved the issues he appeals by seeking a reduction in his sentence before the District Court. In the sentence-reduction context, we review legal questions about the interpretation of the Guidelines de novo and all other determinations for abuse of discretion. *United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016).[2]

---

[2] The Government contends that Harmon's appeal should be reviewed for plain error. At times, it mischaracterizes his argument, responding as if he demands a hearing. He does not.

As mentioned above, district courts must use a two-step approach when evaluating a § 3582(c)(2) motion. "At step one, § 3582(c)(2) requires the court to . . . determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

---

In other places, the Government acknowledges that fact and addresses instead Harmon's argument for "a hearing or more briefing." Gov't Br. 34. It contends that both requests should be reviewed for plain error. Harmon did not make a hearing request before the District Court or on appeal, so we need not analyze the standard of review for a claim he does not raise.

As for the request for "more briefing," the Government's plain-error argument fails. The due-process violation he alleges is lack of notice and opportunity to respond. Without notice of the Court's reliance on the victim impact statement at the motion-for-sentence-reduction stage, there was no chance to object at that stage before it rendered its decision. Put differently, Harmon did not know he would lack that opportunity until after the Court resolved the motion, so he had no chance to raise the challenge until this appeal. Regardless whether he prevails on the merits of his argument that the victim impact statement is new information, he could not have raised this due-process argument any earlier. Plain-error review thus does not apply. *See* Fed. R. Crim. P. 51 ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").

**A.** **Defendants must receive notice of and an opportunity to contest new information relied upon by district courts in § 3582(c)(2) proceedings.**

U.S.S.G. § 6A1.3(a) requires the informational basis for a sentence to have "sufficient indicia of reliability to support its probable accuracy." *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993) (quoting § 6A1.3(a)). It also provides that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). We apply the indicia-of-reliability standard "rigorously." *Miele*, 989 F.2d at 664.

Several other circuit courts have held that the same principles apply to motions for sentence reduction under § 3582(c)(2). *See, e.g.*, *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999) ("[I]n the context of a motion to modify sentence filed pursuant to § 3582(c)(2), the defendant is entitled to review any new evidence that is considered by the district court."); *United States v. Neal*, 611 F.3d 399, 402 (7th Cir. 2010) (applying U.S.S.G. § 6A1.3(a) to § 3582(c)(2) proceedings and noting that "a defendant is entitled to an opportunity to dispute contestable factual propositions that affect the sentence"); *United States v. Foster*, 575 F.3d 861, 863 (8th Cir. 2009) ("[A]lthough [Federal] Rule [of Criminal Procedure] 32 does not by its terms apply to a § 3582(c) proceeding, the basic right to be apprised of information on which the court will rest its decision should be incorporated into the procedures employed by a district court under § 3582(c)."); *Jules*, 595 F.3d at 1245 (11th Cir.) ("[E]ach party must be given notice of and an opportunity to contest new

8

information relied on by the district court in a § 3582(c)(2) proceeding.").

But there is a circuit split on this issue. The Ninth Circuit went the other way:

> Section 6A1.3 applies only in original sentencing proceedings, and not in § 3582(c)(2) proceedings. Section 6A1.3 provides that "[w]hen any factor important to the *sentencing* determination is reasonably in dispute, ... the court shall resolve [it] at a *sentencing* hearing in accordance with [Federal Rule of Criminal Procedure 32(i)]." USSG § 6A1.3(a)–(b) (2016) (emphasis added). Rule 32 governs the procedures for a defendant's original sentencing, and Rule 32(i) sets forth the procedures that a sentencing judge must follow before imposing the defendant's original sentence. *See* Fed. R. Crim. P. 32(i)(4)(B), (C).

*United States v. Mercado-Moreno*, 869 F.3d 942, 956 (9th Cir. 2017) (alterations and emphases in original).

Our Court has not weighed in on this issue. Harmon asks us to take the same position as the Fifth, Seventh, Eighth, and Eleventh Circuits. The Government urges us to adopt the Ninth Circuit's view.

We agree with Harmon: the due-process rights safeguarded by U.S.S.G. § 6A1.3(a) apply to motions for sentence reduction under 18 U.S.C. § 3582(c)(2). As the circuits adopting that rule have acknowledged, defendants

9

have fewer rights in the sentence-reduction context than at their initial sentencings. *See Jules*, 595 F.3d at 1242 ("A defendant in a § 3582(c)(2) proceeding . . . is not afforded all of the protections he was afforded at the original sentencing."); *Neal*, 611 F.3d at 401 ("[N]either the statute nor the Constitution requires the judge to conduct a full resentencing in response to a [§ 3582(c)(2)] motion."). But we "require[] district courts to apply [the] § 3553 factors in § 3582(c)(2) proceedings," and the "§ 3553(a) factors include the Guidelines' policy statements," such as § 6A1.3(a). *Jules*, 595 F.3d at 1242; *see* 18 U.S.C. § 3553(a)(5). This reflects the broader "due process right not to be sentenced on the basis of invalid premises or inaccurate information," *Jules*, 595 F.3d at 1243 (quoting *United States v. Satterfield*, 743 F.2d 827, 840 (11th Cir. 1984)), which our Court has also recognized, *United States v. Norton*, 48 F.4th 124, 131 (3d Cir. 2022) ("[I]t is well settled that a defendant has a due process right to be sentenced based upon accurate information." (alternation in original) (internal quotation marks omitted)). To hold otherwise would undermine that important right.

The Ninth Circuit's contrary ruling focuses on "reject[ing] Defendant's contention that the district court was required to hold a hearing pursuant to USSG § 6A1.3." *Mercado-Moreno*, 869 F.3d at 956. The hearing requirement comes from § 6A1.3(b), while our case focuses on the less burdensome protections of § 6A1.3(a). And as explained above, Harmon makes clear that he does not request a hearing; he would be satisfied with a written opportunity to be heard. We do not reach today the issue of hearings under § 6A1.3(b). *See United States v. Styer*, 573 F.3d 151, 153–54 (3d Cir. 2009) (holding on an abuse-of-discretion standard that a defendant "was not entitled to an evidentiary hearing on his § 3582(c)(2)

10

motion"); *see also United States v. Townsend*, 55 F.3d 168, 172 (5th Cir. 1995) ("[W]e do not reach the question of whether § 3582(c)(2) requires a hearing."); *Jules*, 595 F.3d at 1245 ("[A]lthough a hearing is a permissible vehicle for contesting any new information, the district court may instead allow the parties to contest new information in writing.").

In sum, we hold that § 6A1.3(a)'s requirements—"sufficient indicia of reliability to support [the] probable accuracy" of information underlying a district court's decision and "an adequate opportunity to present information to the court"—apply to § 3582(c)(2) proceedings. Defendants must be "given notice of and an opportunity to contest new information relied on by the district court."[3] *Jules*, 595 F.3d at 1245.

## B. Information is new when it is relied on for the first time to find material facts.

Harmon asks us to impose the following rule: whenever "information is relied on for the first time to find facts material to a determination under the Sentencing Guidelines," that "information is 'new' in the relevant sense because, had it been cited for that purpose at the original sentencing, that shift would have altered the defense calculus for objecting and challenging the evidence." Reply Br. 11; *see also Mathis v.*

_____

[3] Our holding does not concern the ultimate source of the due-process rights embodied in U.S.S.G. § 6A1.3, a matter we leave for another day. We hold only that § 6A1.3(a)'s requirements apply to motions for sentence reduction under 18 U.S.C. § 3582(c)(2) just as they apply to plenary sentencing proceedings.

11

*United States*, 579 U.S. 500, 512 (2016) ("[A] defendant may have no incentive to contest what does not matter under the law."); *Descamps v. United States*, 570 U.S. 254, 270 (2013) ("[D]uring plea hearings, the defendant may not wish to irk the prosecutor or court by squabbling about superfluous factual allegations.").

Two rationales are at play in Harmon's definition, only one of which we find persuasive. The first is ensuring that parties are not surprised by information they have not had an opportunity to contest. This principle aligns with our procedural-due-process precedent and that of other circuits. *See Norton*, 48 F.4th at 131 ("[I]t is well settled that a defendant has a due process right to be sentenced based upon accurate information." (alternation in original) (internal quotation marks omitted)); *Jules*, 595 F.3d at 1243 (discussing the "due process right not to be sentenced on the basis of invalid premises or inaccurate information"). Even the Government acknowledges that, in some cases, "a defendant could make an argument of the 'how was I to know?' variety." Gov't Br. 31.

The second rationale is giving parties the chance to choose whether to contest information with full strategic knowledge of the benefits and drawbacks. This rationale is less persuasive. *Mathis* says only that a fact must "matter under the law" for the opportunity to contest it to be meaningful. 579 U.S. at 512. Put differently, the Supreme Court drew the line at whether the fact is legally material at the time it arises, not at whether the defendant has full strategic insight. *Descamps* is similar, noting only that "*superfluous* facts cannot license a later sentencing court to impose extra punishment." 570 U.S. at 270 (emphasis added).

12

We therefore define "new information" as information relied on for the first time to find material facts. This rule accounts for the importance of (1) giving defendants an opportunity to contest information when it matters under the law and (2) sentencing them based on reliable factual findings. But it does not define "new information" based on the stage of the inquiry at which it arises—Guideline calculation versus analysis of § 3553(a) factors—or on defense counsel's strategic calculus. Harmon's proposed rule would do both those things, burdening district courts with requirements disconnected from the core protection: notice and opportunity to contest information.

### C. The victim impact statement and letter were not new information for purposes of Harmon's motion for sentence reduction.

*For the initial sentencing hearing*, Harmon argues that he had no reason to contest the victim impact statement and letter and that it would have been unwise to do so given the downward variances he sought for remorse and acceptance of responsibility. The Government requested a within-Guideline sentence and did not seek a "substantial financial hardship" enhancement, nor did the PSR indicate it, and the District Court did not apply it. In Harmon's view, there was no reason for him to address the factual accuracy of the statement. He urges us to examine "the reasoning behind the notice-and-opportunity rule" and to consider how and why the victim impact statement and letter had been used previously. Reply Br. 2.

The Government contends that, even at the sentencing, the statement and letter played a significant role in the District Court's weighing of the § 3553(a) factors. As a result, it argues Harmon had a chance and a reason to challenge them if he had concerns about their reliability. It acknowledges that "[t]here could be a hypothetical case where some information played a trivial role at a defendant's original sentencing, only later to take on a surprisingly outsize significance in the context of a § 3582(c)(2) motion . . . . But this is not that case." Gov't Br. 31.

We agree with the Government. Harmon is right that no one asked for the § 2B1.1(b)(2) enhancement,[4] and he could not have anticipated the future § 4C1.1(a)(6) exception issue. But he had both reason and opportunity to dispute the victim impact statement and letter at the initial sentencing. The District Court emphasized that it "considered . . . Mr. Fuellgraf's statement," App. 88, and referred to it in discussing the "serious[ness]" and "multiple victims" of the offense, App. 89. The Court tied those considerations to the § 3553(a) factors, including "a need for just punishment . . . and a need to promote a respect for the law." App. 89. It also noted "significant monetary loss that goes well beyond the $1.4 million" calculated by the PSR, amounting to "an additional million dollars at least of additional financial loss" as well as "the ruin of a family business." App. 89. That information seems to be from the victim impact statement; the PSR and the Government's sentencing memorandum focused on the $1.4 million of restitution, not the additional losses and effects on the family. If Harmon thought that statement of the family's loss was inaccurate, he had an opportunity and a reason to

---

[4]    More on this enhancement in Section II.E below.

object at the time of the sentencing. Those losses were highly relevant to the § 3553(a) factors, as explained above. The victim impact statement and letter therefore do not qualify as "new information" under our definition—information relied on for the first time to find material facts.

*At the motion-for-reduction stage*, Harmon contends he had no reason to address the "substantial financial hardship" exception because the Government did not oppose his motion. In his view, the exception cannot be considered obvious from the text of § 4C1.1 because it was "not obvious to the Government." Reply Br. 13.

The Government responds that Harmon had the burden of proving his entitlement to a reduction, including under the exception in § 4C1.1(a)(6). *See United States v. Muhammad*, 146 F.3d 161, 167 (3d Cir. 1998) ("The defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to the sentence reduction."). That the motion was unopposed does not change Harmon's burden. And the District Court merely considered a requirement from the Guideline under which Harmon sought a reduction. In the Government's view, the criteria in § 4C1.1 served as notice, and the opportunity to comment was the written submission in support of the reduction.

The Government again has the better argument. Whether the "substantial financial hardship" exception in (a)(6) was obvious to either side does not affect Harmon's burden to prove his eligibility, and his counsel should have addressed any potentially applicable exceptions in its written submission. Moreover, Harmon's argument conflates two types of notice: (1) that the District Court would rely on the

information from the victim impact statement and letter and (2) that it would consider applying the (a)(6) exception. There is no colorable argument that the due-process protections of § 6A1.3(a) require the second. The exception is a legal standard, not new information on which the District Court must signal its reliance in advance.

### D. The Government did not waive the argument that Harmon is ineligible for the reduction.

In Harmon's view, the Government cannot argue on appeal for his ineligibility under § 4C1.1(a)(6) because it waived that argument by declining to raise it before the District Court. But the burden of proof for the sentence reduction was on Harmon, as explained above. *Muhammad*, 146 F.3d at 167. Regardless whether the Government opposed the reduction, the District Court retained its discretion to decide whether Harmon met his burden. We are therefore unpersuaded by his waiver argument.

### E. The District Court's comment on the enhancement for substantial financial hardship under U.S.S.G. § 2B1.1(b)(2) does not affect the disposition of the case.

Harmon contends that the District Court's error was compounded by its comment that "in hindsight, [it] probably should have applied the Section 2B1.1 'substantial financial hardship' enhancement at the time of sentencing." App. 13 n.2. As a refresher, that enhancement applies if the offense "resulted in substantial financial hardship to one or more victims." U.S.S.G. § 2B1.1(b)(2)(A)(iii).

*First*, Harmon urges that if the Court relied on the enhancement when deciding to reject the motion for sentence reduction, that was an error independent of his due-process contentions. *See* U.S.S.G. § 1B1.10(b)(1) (when considering a motion for sentence reduction, "the court shall substitute only" certain retroactive amendments, including the one that created U.S.S.G. § 4C1.1, "for the corresponding [G]uideline provisions that were applied when the defendant was sentenced and shall leave all other [G]uideline application decisions unaffected"). If that had occurred, Harmon would be right. But the District Court's stray comment that it "probably should have applied" the enhancement at the sentencing is not enough to show retroactive application. In fact, the phrasing suggests the District Court realized it was too late. This argument is thus unpersuasive.

*Second*, Harmon believes not applying "§ 2B1.1(b)(2) . . . in [his] case reinforces that he should have been provided an opportunity to contest that he caused 'substantial financial hardship' to a victim." Opening Br. 27 n.1. But § 4C1.1(b)(3) instructs that, "[i]n determining whether the defendant's acts or omissions resulted in 'substantial financial hardship' to a victim [under § 4C1.1(a)(6)], the court shall consider, *among other things*, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to §[ ]2B1.1." U.S.S.G. § 4C1.1(b)(3) (emphasis added). Put differently, § 2B1.1(b)(2) and § 4C1.1(a)(6) are not co-extensive. The commentary for § 4C1.1 is consistent with that instruction, explaining that "[t]he application of [the 'substantial financial hardship' exception in] subsection (a)(6) is to be determined independently of the application of [the sentencing enhancement in] subsection (b)(2) of § 2B1.1." U.S.S.G. § 4C1.1 app. n.1. The sentence reduction exception in

17

§ 4C1.1(a)(6) and the sentence enhancement in § 2B1.1(b)(2) should be considered separately.  Harmon urges us to do the opposite, and we decline.

*     *     *

We hold that defendants must be "given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding." *Jules*, 595 F.3d at 1245.  Information is new when relied on for the first time to find material facts.  Applying those rules here, the information Harmon seeks to contest is not new.  In fact, he had both reason and opportunity to dispute it at the initial sentencing because it was relevant to the District Court's analysis of the § 3553(a) factors.  We therefore affirm the District Court's denial of Harmon's sentence-reduction motion.