Gerald H. KLAWONN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 00–3637.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

## ORDER

Gerald H. Klawonn appeals from a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Klawonn pleaded guilty to tax evasion in violation of 26 U.S.C. § 7201. The district court sentenced Klawonn to six months of imprisonment and two years of supervised release, and the court imposed a $2,000 fine and a $50 special assessment. The court also ordered Klawonn to pay $56,733.56 in restitution. Klawonn did not appeal his conviction or sentence. In 1999, Klawonn filed his § 2255 motion, alleging that the district court's sentence violated his due process rights because it was based on misinformation. The district court concluded that his claim was without merit and denied the motion. In this timely appeal, Klawonn's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Klawonn has not responded to his counsel's motion to withdraw.

Upon review, we conclude that the district court properly denied Klawonn's § 2255 motion. This court reviews de novo a district court's denial of a § 2255 motion, but reviews its findings of fact for clear error. *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.), *cert. denied,* 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). A petitioner is entitled to relief under § 2255 upon showing a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which violated due process. *Id.*

■ Klawonn argues that the district court's sentence violated his due process rights because it was based on misinformation. Klawonn is a self-employed salesman who travels extensively in connection with his business. At sentencing, Klawonn moved for a downward departure from his Sentencing Guidelines range, arguing that his business would collapse if he were unable to work. The district court denied the motion, but recommended that Klawonn's term of imprisonment be served in a local halfway house, which would permit him to leave on work release during the

daytime. As Klawonn began to serve his term of imprisonment, he learned that the Bureau of Prisons's work release program would not permit him to travel out-of-state, as required for his business. He then moved the district court to vacate his sentence because the court was not aware of this restriction in the work release program when it imposed his sentence and because this restriction was not consistent with the court's intent that he continue to operate his business. The district court concluded that Klawonn's argument did not provide a sufficient basis for vacating his sentence, and the court denied the motion.

The district court properly determined that Klawonn's argument was without merit. While sentences imposed on the basis of material misinformation may violate due process under some circumstances, *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir.1992), a district court's reliance on misinformation alone does not constitute a fundamental defect justifying § 2255 relief. *United States v. Blackwell*, 127 F.3d 947, 954 (10th Cir. 1997). Rather, only misinformation of a constitutional magnitude is cognizable under § 2255. *United States v. Addonizio*, 442 U.S. 178, 187, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Blackwell*, 127 F.3d at 954. Section 2255 relief is not available for claims based only on the frustration of the subjective intent of the sentencing judge. *Addonizio*, 442 U.S. at 187.

The misinformation in this case does not rise to the level of constitutional magnitude. The Bureau of Prisons has broad discretion in administering a prisoner's sentence, *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir.1996), and decisions to place a convicted defendant within a particular program or a particular facility are decisions within the sole discretion of the Bureau of Prisons. *Thye v. United States*, 109 F.3d 127, 130 (2d Cir.1997);

*United States v. Williams*, 65 F.3d 301, 307 (2d Cir.1995). Consequently, the sentencing court has no authority to order that a convicted defendant be confined in a particular facility or placed in a particular program. *United States v. Johnson*, 223 F.3d 665, 673 (7th Cir.2000), *cert. denied* —— U.S. ——, 122 S.Ct. 71, —— L.Ed.2d —— (2001); *Williams*, 65 F.3d at 307. Although the district court's subjective intent in sentencing Klawonn may have been frustrated, this fact does not constitute a fundamental defect in the proceedings justifying § 2255 relief.

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.