# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1439
_____

United States of America

*Plaintiff - Appellee*

v.

Alejandro Alaniz, also known as Alex

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 10, 2020
Filed: June 5, 2020
[Published]
_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.
_____

PER CURIAM.

In 1997, Alejandro Alaniz was convicted of various drug offenses and received a life sentence, which is precisely what the Sentencing Guidelines required at the time. U.S.S.G. ch. 5, pt. A (1995). In 2014, the Guidelines changed and retroactively reduced the range to 360 months to life. U.S.S.G. supp. to app. C, amend. 782, 788; U.S.S.G. ch. 5, pt. A. Alaniz, hoping to take advantage of the

amendment, filed a motion asking the district court[1] to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2). He received a shorter sentence—384 months—but believed it should be even lower and moved unsuccessfully for reconsideration.[2] We affirm.

Alaniz's first argument is that the district court should have held an evidentiary hearing before it ruled on his motion. *See* U.S. Const. amend. V, cl. 3. We review this due-process challenge de novo, *United States v. Tollefson*, 853 F.3d 481, 485 (8th Cir. 2017), but it does not get far. There is no "constitutionally protected liberty interest" in a discretionary sentence reduction, so the Due Process Clause does not afford procedural protections to those who seek one. *United States v. Johnson*, 703 F.3d 464, 471 (8th Cir. 2013) (citation omitted); *see* 18 U.S.C. § 3582(c)(2) (providing discretion to "modify a term of imprisonment"); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").

Reframing the issue as an abuse of discretion does not help Alaniz either. To be sure, we have held that a district court abuses its discretion when there is no "opportunity [for a movant] to respond to [prejudicial] information" because he or she lacks access "to the material on which the court will base its sentencing decision." *United States v. Foster*, 575 F.3d 861, 863 (8th Cir. 2009). But here, Alaniz had the Probation Office's eligibility report—which was the basis of the district court's decision—before filing a motion for reconsideration. At that point, he had "an opportunity to respond" to the "prejudicial" information in the report. *Id.* He took advantage by disputing the relevance and accuracy of some of the conduct it described. This sequence of events gave the district court another chance to "review[] . . . the motion[ and] the record," even if the motion proved unpersuasive.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

[2]Alaniz actually asked the district court to resentence him below the new range, but it lacked the power to do so. U.S.S.G. § 1B1.10(b)(2)(A); *see Dillon v. United States*, 560 U.S. 817, 819 (2010).

The movant in *Foster*, by contrast, never had this opportunity. *See id.* at 864 (involving a situation in which the movant was "unable to respond" because he was "not aware" of the report's existence.").

Alaniz's second argument is that the district court should have explained why it did not reduce his sentence further. *See United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (reviewing for an abuse of discretion). The court must consider "any applicable" sentencing factors and provide some rationale for its ruling, but it "need not give lengthy explanations" or "categorically rehearse" the factors. *Id.* at 963–64 (internal quotation mark and citation omitted). What matters for us is having enough information for meaningful appellate review. *See United States v. Boyd*, 819 F.3d 1054, 1056 (8th Cir. 2016) (per curiam).

There is enough here. Although Alaniz claims that the district court failed to "cite a single fact or circumstance" specific to either him or his offenses, the eligibility report, which the district court quoted, filled in the details. It described, among other things, that Alaniz "was the leader of a [large] drug conspiracy" and "issued multiple threats" to codefendants, an attorney, and a government agent in an attempt to obstruct the investigation against him. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10, cmt. n.1(B). Even if the court could have said more, it did not abuse its discretion.

We accordingly affirm the judgment of the district court.

_____