# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3773

_____

United States of America

*Plaintiff - Appellee*

v.

Jorge Beltran-Estrada

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 16, 2020
Filed: March 12, 2021
[Published]

_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In 2013, after pleading guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), Jorge Beltran-Estrada was sentenced to 235 months' imprisonment. This sentence was at the bottom of the range indicated by the Sentencing Guidelines

in effect in 2013. In 2014, the United States Sentencing Commission "approved Amendment 782, which retroactively reduced most base offense levels in the drug quantity tables by two levels." United States v. Lewis, 827 F.3d 787, 789 (8th Cir. 2016). Beltran-Estrada moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence, citing both Amendment 782 and his good conduct while incarcerated. In response, the United States Probation Office filed a memorandum in which it calculated Beltran-Estrada's new Guidelines range as 188 to 210 months,[1] listed eight alleged conduct violations Beltran-Estrada incurred while in custody, and recomm-ended a reduced sentence of 199 months' imprisonment.

The district court[2] granted Beltran-Estrada's motion and reduced his term of imprisonment from 235 months to 199 months. Beltran-Estrada filed a motion for reconsideration, requesting a further reduction to 188 months and an evidentiary hearing to address the alleged conduct violations. The court denied his motion for reconsideration, and this appeal followed.

Beltran-Estrada contends that the district court denied him the opportunity to be heard during resentencing, violating his right to procedural due process. Though we generally review a district court's decision to modify a sentence under § 3582(c)(2) for an abuse of discretion, we review constitutional and statutory challenges de novo. See United States v. Johnson, 703 F.3d 464, 466-67 (8th Cir. 2013).

---

[1]The Probation Office based this calculation on Beltran-Estrada's criminal history category of II and total offense level of 35. We note, however, that the Guidelines range for someone with this criminal history category and total offense level is 188 to 235 months.

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

"There is no constitutionally protected liberty interest in a discretionary sentence reduction, so the Due Process Clause does not afford procedural protections to those who seek one." United States v. Alaniz, 961 F.3d 998, 999 (8th Cir. 2020) (per curiam) (cleaned up). Even so, a defendant requesting a reduction does have "the basic right to be apprised of information on which the court will rest its decision." United States v. Foster, 575 F.3d 861, 863 (8th Cir. 2009). In this case, Beltran-Estrada was apprised of the information on which the district court rested its decision. He does not dispute that he was informed of and had access to the Probation Office's memorandum, which formed a primary basis for the court's sentence. He also had the opportunity to provide mitigating evidence and to rebut the allegations prior to the court's order reducing his sentence. The district court did not violate Beltran-Estrada's rights as recognized in United States v. Foster.

Beltran-Estrada also argues that § 6A1.3 of the Guidelines required the district court to provide him with "an adequate opportunity to present information to the court regarding" "any factor important to the sentencing determination [that] is reasonably in dispute." USSG § 6A1.3(a). Even if we assume that § 6A1.3 applies to § 3582(c)(2) proceedings, see United States v. Neal, 611 F.3d 399, 402 (7th Cir. 2010) (applying § 6A1.3(a) to § 3582 proceedings); United States v. Ramirez, 807 F. App'x 591, 592 (8th Cir. 2020) (per curiam) (same); but see United States v. Mercado-Moreno, 869 F.3d 942, 956 (9th Cir. 2017) (declining to extend § 6A1.3 to § 3582 proceedings), nothing in the Guidelines requires that the "opportunity to present information" take the form of the type of hearing Beltran-Estrada requested. See USSG § 6A1.3(a). To the extent Beltran-Estrada's rights were implicated by the district court's decision to reduce his sentence, the court provided him with adequate notice and an opportunity to be heard.

Beltran-Estrada further argues that the district court provided an inadequate explanation for its reduced sentence, rendering that sentence procedurally unreasonable. See United States v. Burrell, 622 F.3d 961, 964 (2010) (reviewing a

sentence reduction for abuse of discretion). In granting a motion for sentence reduction, a district court must offer "some explanation in the record of [its] reasoning." Id. at 964-65. But assuming the court provides this explanation, it "need not give lengthy explanations of the § 3553(a) factors or categorically rehearse the relevant factors in a § 3582 proceeding." Id. at 964 (cleaned up).

In selecting its sentence, the district court here specifically referenced Beltran-Estrada's alleged conduct violations while in custody, and in denying the motion to reconsider, it adopted the government's reasons why a 199-month sentence was warranted. Cf. id. (suggesting that a district court's statement that it was adopting one of the party's arguments would suffice as an explanation). The court's explanation of its reasoning was brief, but it provided enough information to "allow us to discern how [it] exercised its discretion." Burrell, 622 F.3d at 964; see also Alaniz, 961 F.3d at 1000 ("What matters for us is having enough information for meaningful appellate review."). While the district court "could have said more," Alaniz, 961 F.3d at 1000, we discern no abuse of discretion.

We affirm.

_____