# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2216
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Franklin Houck

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: April 12, 2021
Filed: June 29, 2021
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

GRUENDER, Circuit Judge.

In 2018, Thomas Houck pleaded guilty to one count of receipt and distribution of child pornography and was sentenced to 80 months' imprisonment. *See* 18 U.S.C. § 2252(a)(2), (b)(1). On April 30, 2020, while still in prison, Houck filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the basis that he was at risk for severe COVID-19 symptoms if he contracted the disease. In this motion, he requested an order granting him immediate release from custody and placement

in home confinement for the balance of his sentence. Houck asserted that he had tried to file a request for compassionate release with the prison but that it had not been accepted because Houck was a sex offender.

On May 28, 2020, Houck filed a reply in which he informed the district court that he had successfully filed a request for compassionate release with the prison as of May 18, 2020. Houck claimed that his failure to seek relief from the prison prior to filing his motion for compassionate release should not prevent the district court from considering his motion because a March 26, 2020 memorandum from the Attorney General made any request futile.[1] Specifically, Houck argued that this memorandum provided that sex offenders are ineligible for compassionate release.

The district court[2] denied Houck's motion. Houck appeals, arguing that the district court erroneously (1) failed to explain its decision, (2) denied his motion for failure to exhaust administrative remedies, and (3) denied his motion when he established a legal and factual basis for granting it. We affirm.

From the language of the district court's order, we ascertain that it denied Houck's motion on the two bases raised by the Government: that Houck failed to exhaust administrative remedies and that the Bureau of Prisons ("BOP"), not the court, was the proper authority to determine whether Houck should be placed on home confinement. Because we affirm the district court's denial on these bases, we need not reach Houck's argument that he established a legal and factual basis for granting his motion for compassionate release. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). And because the district court explained its decision well enough that we can determine the basis for its ruling, Houck's argument that the

---

[1]*See* Attorney General William Barr, U.S. Dep't of Justice, Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.justice.gov/file/1262731/download.

[2]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

district court failed to provide an adequate explanation for its decision fails. *See United States v. Beltran-Estrada*, 990 F.3d 1124, 1127 (8th Cir. 2021).

We review the district court's application of § 3582(c)(1)(A)'s exhaustion requirement *de novo* and its findings of fact for clear error. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam). According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies. *Alam*, 960 F.3d at 832-33. Exhaustion occurs at the earlier of either (1) when the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility." § 3582(c)(1)(A).

This requirement is a mandatory claim-processing rule. *Alam*, 960 F.3d at 832-33; *see also Manrique v. United States*, 581 U.S. ---, 137 S. Ct. 1266, 1272 (2017) ("Mandatory claim-processing rules seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." (internal quotation marks omitted)). As such, it must be enforced so long as the opposing party properly raises it. *Manrique*, 137 S. Ct. at 1272. Thus, courts dismiss unexhausted compassionate-release motions without prejudice. *See, e.g., Alam*, 960 F.3d at 832, 836 (affirming a district court's denial without prejudice of a motion for compassionate release when the defendant filed the motion ten days after submitting a request to the warden); *United States v. Ward*, 832 F. App'x 334, 334-35 (5th Cir. 2020) (per curiam) (affirming a district court's denial without prejudice of a motion for compassionate release when the defendant filed the motion twenty-seven days after submitting a request to the warden).

Here, because the Government raised the exhaustion issue and Houck failed to exhaust his administrative remedies prior to filing the motion, the district court was required to dismiss Houck's motion without prejudice. Houck failed to exhaust because, at the time he filed his motion for compassionate release, he had not filed a request that the BOP bring a motion for compassionate release on his behalf. Thus,

it goes without saying that he did not allow thirty days to lapse after filing such a request or exhaust his rights to appeal the BOP's failure to bring such a motion on his behalf, as the statute requires. *See* § 3582(c)(1)(A).

Houck argues that we should create an equitable exception to this mandatory claim-processing rule because (1) he is at high risk for serious COVID-19 symptoms; (2) he attempted to file a request with the prison that the BOP move for compassionate release, but the prison refused to accept it; and (3) the Attorney General's March 26, 2020 memorandum would have prevented the BOP from granting his request even if he had filed it. But in the district court, Houck presented no evidence that he was at high risk for serious COVID-19 symptoms or that he had attempted to file a request with the prison. Therefore, we decline to "innovate an equitable exception to [§ 3582(c)(1)(A)'s exhaustion] requirement" on Houck's first two suggested bases. *See Alam*, 960 F.3d at 835.

With respect to Houck's third argument that the Attorney General's March 26, 2020 memorandum made any request futile, we hold that we have no ability to make an exception for this type of futility. Though the Supreme Court has expressly reserved deciding whether mandatory claim-processing rules, such as the one in § 3582(c)(1)(A), may ever be subject to equitable exceptions, *see Fort Bend Cty. v. Davis*, 587 U.S. ---, 139 S. Ct. 1843, 1849 n.5 (2019), "the norm is to follow a mandatory [claim-processing] rule unless . . . statutory exceptions apply." *Alam*, 960 F.3d at 835 (citing *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. ---, 138 S. Ct. 13, 17 (2017)); *Manrique*, 137 S. Ct. at 1271-72 (describing mandatory claim-processing rules as "unalterable" if properly raised). This is especially the case when the exhaustion requirement is mandated by statute. *See Ross v. Blake*, 578 U.S. ---, 136 S. Ct. 1850, 1857 (2016) (noting that when "Congress sets the rules[,] . . . courts have a role in creating exceptions only if Congress wants them to"). Houck claims that courts are permitted to make exceptions to exhaustion requirements, but such exceptions apply to judicially created exhaustion doctrines, not congressionally mandated claim-processing rules. *See id.* ("No doubt, judge-made exhaustion doctrines . . . remain amenable to judge-made exceptions. But a

statutory exhaustion provision stands on a different footing." (citation omitted)). Thus, even assuming that the Attorney General's March 26, 2020 memorandum would have rendered Houck's request futile,[3] he still had to exhaust his administrative remedies. *United States v. McGreggor*, No. 20-10165, 2020 WL 9602344, at *1-2 (9th Cir. Oct. 26, 2020) (per curiam); *see also United States v. Johnson*, No. 20-6103, 2021 WL 1053706, at *1-2 (10th Cir. Mar. 19, 2021) (disagreeing with courts that "have held that a court may waive the [§ 3582(c)(1)(A)] exhaustion requirement if certain exceptions apply, including a finding that exhaustion would be futile" (internal quotation marks omitted)). The district court correctly dismissed Houck's motion on this basis.

The district court also correctly determined that it could not grant Houck's request that he be placed on home confinement for the balance of his sentence under 18 U.S.C. § 3624(c)(2). Because this is a question of statutory interpretation, we review it *de novo*. *United States v. Templeton*, 378 F.3d 845, 849 (8th Cir. 2004). Under § 3624(c)(2), the Director of the BOP may place a prisoner in home confinement for the shorter of ten percent of his or her term of imprisonment or six months. The recently passed CARES Act permits the Director of the BOP to extend the period of home confinement permitted under § 3624(c)(2). *See* Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). Because these statutes give authority to place a prisoner in home confinement to the Director of the BOP, not the district court, the district court correctly held that it did not have authority to change Houck's place of imprisonment to home confinement under § 3624(c)(2). *See, e.g.*, *United States v. Hester*, No. 2:06-cr-193-ECM, 2020 WL 5535010, at *1 n.1 (M.D. Ala. Sept. 15, 2020) ("While section 12003(b)(2) of the CARES Act allows the BOP to extend the amount of time prisoners may serve in home confinement, it does not extend to the District Court the authority to make such an order.").

---

[3]This is not clear, as the Attorney General's memorandum addressed home confinement, not compassionate release. *See* Barr, *supra*.

For the foregoing reasons, we affirm the district court's order denying Houck's motion for compassionate release but modify the dismissal to be without prejudice. *See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.*, 155 F.3d 976, 978 (8th Cir. 1998).

_____