20-3341-cr
United States v. Daniel DiBiase

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of August two thousand twenty-one.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             RAYMOND J. LOHIER,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

         v.                                                    20-3341-cr

DANIEL DIBIASE,

                  *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Casey Ellen Donnelly, Willkie Farr & Gallagher LLP, New York, N.Y.

Appearing for Appellee:     Mathew Andrews, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Daniel DiBiase appeals from an order dated September 14, 2020, of the United States District Court for the Southern District of New York (Ramos, *J.*) denying his motion for compassionate release. DiBiase received a sentence of 144 months' imprisonment for his violation of 18 U.S.C. §1962(d). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

DiBiase argues the district court abused its discretion in finding that despite the existence of an extraordinary and compelling basis for a sentence reduction—the increased risk DiBiase faces from COVID-19 in light of his medical conditions—the need for the sentence to promote deterrence and reflect the seriousness of the offense required DiBiase's continued incarceration. DiBiase also argues that the district court erred in finding that it lacked the power to order him to serve the remainder of his sentence in home confinement. We find no abuse of discretion on the first issue, and no error of law on the second.

A district court has the power to reduce a sentence upon a defendant's motion "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). If it finds these extraordinary and compelling reasons, the district court may reduce the sentence "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id*. "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (citation and bracket omitted). For questions of the appropriate balancing of the Section 3553(a) factors, we provide wide latitude to district courts. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) ("[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the §3553(a) considerations in any particular case.").

The district court provided reasoned grounds for declining to reduce DiBiase's sentence. The district court noted that despite the extraordinary and compelling basis for the request, DiBiase was involved in 27 home burglaries, including five that were at gunpoint, and victims spoke out against any potential release. The goals of deterrence are particularly relevant in a case such as this one, where the defendant has already been convicted of similar conduct and reoffends. DiBiase identifies several district courts that have granted release to inmates based on the conditions of incarceration during the COVID-19 pandemic, but this is precisely the type of discretionary calculus that the sentencing structure leaves to district courts. As the government notes, many district courts have denied compassionate release motions in similar cases involving dangerous felonies. The district court acknowledged the exceptional circumstances of the

pandemic health risks and properly balanced them against the need for deterrence and to reflect the seriousness of the crime.

DiBiase argues that the district court improperly failed to consider his role as the getaway driver in these burglaries as supporting leniency. He cites two district court cases where judges found that an individual who did not engage in the physical robbery was entitled to some leniency based on that fact and granted compassionate release motions. However, neither of these individuals resemble DiBiase in any way. In *United States v. Pena*, the defendant had minimal criminal history with no violent offenses, was suffering from substance abuse problems arising from the death of his son, and planned a single robbery. 459 F. Supp. 3d 544, 550, 552 (S.D.N.Y. 2020). In *United States v. Adeyami*, the defendant was 19-years old, had no criminal history, and did not participate in a crime that caused physical harm to anyone. 470 F. Supp. 3d 489, 493-94 (E.D. Pa. 2020). By contrast, DiBiase was in his fifties, participated in 27 burglaries, several of which involved physical assaults, threats of murder and rape, and collectively resulted in the theft of over $2.5 million in stolen goods. DiBiase acknowledges that many defendants have failed to obtain release despite the pandemic but suggests these were individuals who still posed a danger to the community or played leading roles in criminal enterprises, and he is distinguishable. As one of the principal participants in this string of burglaries, DiBiase was involved in exceptionally violent conduct and played a leading role in a dangerous criminal enterprise.

DiBiase also argues that the district court erred in holding that it lacked the power to order that he serve the remainder of his sentence in home confinement. This Court has not determined whether a district court has the power to order a defendant to serve his term of imprisonment in home confinement. Other Circuits, however, have held that this power rests solely with the Bureau of Prisons ("BOP"). *See, e.g.*, *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021). Indeed, the Supreme Court has recognized that the power to determine a prisoner's place of imprisonment "rests with the BOP." *Tapia v. United States*, 564 U.S. 319, 331 (2011).

In his motion below, DiBiase explicitly asked the district court "for an order shortening his current prison release date of January 7, 2023 to time served, or alternatively to order that he serve out the remainder of his sentence on home confinement." App'x at 40. This motion seeks an order either (1) reducing DiBiase's sentence to time served; or (2) allowing DiBiase to serve his term of imprisonment in home confinement. It does not request an order imposing home confinement as a condition of his supervised release after he serves his sentence. On appeal, DiBiase elides this distinction and seeks an order granting his release and then imposing a supervised release condition of home confinement. This is a different request, which the district court would have the power to grant. However, the district court would first have to reduce the term of imprisonment, and it explicitly declined to take this step. The district court committed no error in considering a motion for an alternative order as seeking a redesignation rather than a resentencing and denying this request.

We have considered the remainder of DiBiase's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk