# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 29, 2022   Decided July 21, 2023

No. 21-3074

UNITED STATES OF AMERICA,
APPELLEE

v.

LOUIS A. WILSON, ALSO KNOWN AS SPUDS,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:96-cr-00319-1)

———

*Anthony F. Shelley* argued the cause and filed the memorandum of law and fact and reply for appellant. *Alexandra E. Beaulieu* entered an appearance.

*David P. Saybolt*, Assistant U.S. Attorney, argued the cause for appellee. With him on appellee's memorandum of law and fact were *Chrisellen R. Kolb* and *John P. Mannarino,* Assistant U.S. Attorneys.

Before: CHILDS, *Circuit Judge*, and ROGERS, *Senior Circuit Judge*.[†]

Opinion for the Court filed by *Circuit Judge* CHILDS.

CHILDS, *Circuit Judge*:  Louis Wilson appeals the denial of his motion for compassionate release made pursuant to 18 U.S.C. § 3582(c)(1)(A).  First Step Act of 2018, Pub. L. No. 115-391, § 602(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)).  He argues that intervening changes in law, in combination with other factors, warrant that his motion be granted.

Wilson waited the required time of thirty days after the warden received his initial request for compassionate release, but chose not to bring it on his behalf, to file his own motion in district court.  That motion included additional grounds for his release, like his increased weight and a change in sentencing law, not found in his request to the warden.  *See* Req. for Compassionate Release 1–2.

The government maintains that Wilson failed to properly exhaust his administrative remedies as to these additional grounds such that the court may not consider Wilson's contentions on the merits.  This Court, however, assumes without deciding that Wilson properly exhausted his administrative remedies and nonetheless affirms the district court's denial of Wilson's motion.

We hold that Section 3582(c)(1)(A) is not jurisdictional because Congress did not use express language making it so.

---

[†] Senior Circuit Judge Silberman was a member of the panel before his death on October 2, 2022.  Judges Childs and Rogers have acted as a quorum in this opinion.  *See* 28 U.S.C. § 46(d).

And per *United States v. Jenkins*, 50 F.4th 1185, 1192, 1198 (D.C. Cir. 2022), Wilson's change in law arguments cannot constitute extraordinary and compelling reasons, whether alone or in combination with other factors.

## I.

### A.

A court can grant a defendant compassionate release from prison if they meet certain criteria. 18 U.S.C. § 3582(c)(1)(A). They must demonstrate, in the court's judgment, an extraordinary and compelling reason for release. *Id.* (c)(1)(A)(i). And that reason must be consistent with the various factors Congress instructs courts to consider when sentencing defendants. *Id.* (c)(1)(A)(ii); 18 U.S.C. § 3553(a).

But before defendants may file a motion for compassionate release, they must first exhaust their administrative remedies. Two pathways are available for them to do so. 18 U.S.C. § 3582(c)(1)(A). Either is sufficient. *Id.* First, defendants can "fully exhaust[] all administrative rights [by] appeal[ling] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." *Id.* Alternatively, they may file a motion for compassionate release "30 days from the receipt of such a request [to] the warden." *Id.*

### B.

In 1997, Wilson was convicted of several federal crimes, including killing a federal witness with the intent to prevent him from testifying. Wilson is serving a sentence of life imprisonment plus one consecutive five-year term.

On September 18, 2020, Wilson first submitted his request for compassionate release to the warden at Federal Correction Institution (FCI) Petersburg. The warden denied the request on October 6, 2020. On April 7, 2021, 201 days after submitting his request, Wilson filed a *pro se* motion for compassionate release in the district court. In that motion, Wilson added factors not included in his request to the warden, such as his increased "weight" and "length of time served." *See* Req. for Compassionate Release 1–2. The government argued that Wilson did not properly exhaust his administrative remedies as to those additional grounds under Section 3582(c)(1)(A) but nonetheless addressed them. *United States v. Wilson*, No. CR 96-319-01, 2021 WL 107 5292457, at *3 n.4 (D.D.C. Aug. 6, 2021), *recons. denied*, 2021 WL 5292460 (D.D.C. Sept. 28, 2021). The district court considered the merits of these additional grounds and did not deny the motion for failure to issue exhaust. *Id.* (citation omitted); *see also id.* at *4–6.

Wilson maintains that the following extraordinary and compelling reasons support his release: (i) if *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), were issued prior to his sentence, he would have received twenty-five years instead of life imprisonment because the district court considered additional facts during sentencing not proven to a jury; (ii) the national sentencing statistics for murder have trended downward; and (iii) his medical conditions plus his exemplary prison citizenship.

Wilson argued to the district court that the purported intervening changes in law went to his length of time served and should constitute extraordinary and compelling reasons. The district court concluded, however, that time served in prison "does not in [and] of itself constitute an extraordinary and compelling circumstance." *Wilson*, 2021 WL 5292457, at *3; *see also id.* at *4–6. After considering the Section 3553(a)

factors, the district court also decided that "the severity of his crime, the need for the sentence imposed, and the risk to the public outweigh[ed] th[e] factors that weigh[ed] in Mr. Wilson's favor." *Id.* at \*6. Thus, the district court denied Wilson's motion.

Wilson timely appealed. On appeal, Wilson also contends that if the district court failed to consider his change in law arguments as extraordinary and compelling reasons under Section 3582(c)(1)(A)(i), they should have been considered under the district court's Section 3553(a) analysis. Appellant's Mem. Br. 17–18.

## II.

We have jurisdiction to review this appeal. 28 U.S.C. § 1291; *United States v. Long,* 997 F.3d 342, 352 (D.C. Cir. 2021). This Court reviews the district court's denial of Wilson's motion for compassionate release for abuse of discretion. *United States v. Jackson*, 26 F.4th 994, 1001 (D.C. Cir. 2022); *see also United States v. Smith*, 896 F.3d 466, 470 (D.C. Cir. 2018).

## III.

### A.

Because this Court cannot assume it has jurisdiction, we first answer whether Section 3582(c)(1)(A) is jurisdictional. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Joining our sister circuits that have considered the question, we think not and thus address the merits of Wilson's contention without deciding whether issue exhaustion is required under Section 3582(c)(1)(A).

Begin with the text.  Section 3582 (c)(1)(A) provides:

(1) [I]n any case—

(A) the court, *upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Jurisdictional rules "govern a court's adjudicatory authority," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (quotations and citation omitted), while nonjurisdictional claim-processing rules simply "promote the orderly progress of litigation . . . . " *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).  Congress must "clearly state[]" when a provision is jurisdictional. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850 (2019) (internal quotations and citation omitted).  Thus, the question of whether a statutory provision is jurisdictional is governed by a "clear statement" rule where the statute must "expressly refer to subject-matter jurisdiction or speak in jurisdictional terms." *Musacchio v. United States*, 577 U.S. 237, 246 (2016).  That high standard makes sense because "[j]urisdictional requirements cannot be waived or forfeited, must be raised by courts *sua sponte*, and . . . do not allow for

equitable exceptions." *Boechler, P.C. v. Comm'r of Internal Revenue*, 142 S. Ct. 1493, 1497 (2022).

Absent Congress's clear command, mandatory language does not transform a statutory provision into a jurisdictional requirement. *Musacchio*, 577 U.S. at 246; *United States v. Wong*, 575 U.S. 402, 410 (2015). For example, in *Wilkins v. United States*, 143 S. Ct. 870, 875 (2023), the Court considered whether Section 2409a(g), a provision of the Quiet Title Act, was jurisdictional. The provision at issue stated that action "shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). Yet, the Court held that it was nonjurisdictional not only because the "text sp[oke] only to a claim's timeliness," but also because the provision was placed outside of the jurisdictional grant section of the statute. *Wilkins*, 143 S. Ct. at 877 (citation omitted). In *Boechler*, a provision of the Tax Code stated that, "The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d)(1). Because "to such matter[,]" *id.*, lacked a clear antecedent and contained "multiple plausible interpretations," the Court still held that the provision was nonjurisdictional. *Boechler, P.C.*, 142 S. Ct. at 1498. And this Court "presume[s] [that an administrative] exhaustion [requirement] is non-jurisdictional unless Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision . . . ." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (quotations and citation omitted).

Here, Section 3582(c)(1)(A) is a nonjurisdictional claim-processing rule. Congress did not speak clearly that this provision is jurisdictional, *Fort Bend*, 139 S. Ct. at 1850, nor does it appear in the jurisdictional portion of the criminal code.

*See* 18 U.S.C. § 3231. Nothing in Section 3582(c)(1)(A) uses any mandatory language that would deprive this Court of jurisdiction should the defendant fail to satisfy either exhaustion pathway. 18 U.S.C. § 3582(c)(1)(A). Therefore, the plain text of Section 3582(c)(1)(A) does not permit this Court to infer that Congress intended it to be jurisdictional.

Every circuit to have considered this question agrees. *United States v. Texeira-Nieves*, 23 F.4th 48, 52–53 (1st Cir. 2022); *United States v. Saladino*, 7 F.4th 120, 121–24 (2d Cir. 2021); *United States v. Muhammad*, 16 F.4th 126, 129–30 (4th Cir. 2021); *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 920 (2020); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021); *United States v. Keller*, 2 F.4th 1278, 1281–82 (9th Cir. 2021); *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

Since we conclude that Section 3582(c)(1)(A) is a nonjurisdictional claim-processing rule, we need not reach whether it requires defendants to exhaust each issue in their submitted requests before the warden before filing in district court. *See Texeira-Nieves*, 23 F.4th at 53. Instead, this Court assumes without deciding that Wilson properly exhausted as to each of his grounds for compassionate release.

## B.

We next answer whether Wilson's change in law arguments can be extraordinary and compelling reasons warranting compassionate release. They cannot. Accordingly, this Court need not reach Wilson's contention that his change in law arguments should still be considered as Section 3553(a)

factors because, under *Jenkins*, the district court did not abuse its discretion in denying Wilson's motion for lack of an extraordinary and compelling reason. 50 F.4th at 1198.

Nevertheless, we recognize that since this Court decided *Jenkins*, the United States Sentencing Commission amended its guidelines regarding what constitutes an extraordinary and compelling reason for release. 88 Fed. Reg. 28,254 (May 3, 2023). That update will become effective on November 1, 2023. *Id.* at 28,254/1. The guidelines state that district courts "may . . . consider[]" a "change in the law" to "determine[] whether the defendant presents an extraordinary and compelling reason" for release if he has "served at least 10 years" of "an unusually long sentence." *Id.* at 28,255/2. However, this Court does not decide whether Wilson's contentions would constitute extraordinary and compelling reasons under the not-yet-effective guidelines.

Wilson largely relays the same argument as this Court rejected in *Jenkins*: if *Booker*, 543 U.S. at 224, and *Apprendi*, 530 U.S. at 483–84, were issued before his conviction, he would have received a twenty-five-year sentence, instead of a life sentence. He then supplements that position with additional claims about general downward nationwide trends for murder sentences, his overall medical conditions, and his exemplary prison citizenship. But intervening judicial decisions, regardless of whether they are combined with other factors, are barred as extraordinary and compelling bases for release. *Jenkins*, 50 F.4th at 1192, 1198. Consequently, we do

not reach whether Wilson's arguments were properly considered under Section 3553(a).

\* \* \*

For the foregoing reasons, we affirm the denial of Wilson's motion for compassionate release.

*So ordered.*