**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1935
_____

OMAR SIERRE FOLK,
                                        Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00021)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 10, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, Circuit Judges

(Opinion filed: August 23, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Omar Sierre Folk, a federal prisoner proceeding pro se, appeals from an order of the District Court denying his motion under Fed. R. Civ. P. 60(b)(1). We will summarily affirm.

In January 2022, Folk filed a petition in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241, arguing that he was entitled to immediate release due to the conditions of his confinement. The District Court denied the petition in April 2022. Folk filed a Rule 60(b)(1) motion in February 2023, arguing that the District Court misconstrued his claim as a request for home confinement under the Coronavirus Aid, Relief and Economic Security Act (CARES Act),[1] rather than as a more general conditions-of-confinement claim. The District Court denied the motion, concluding that the conditions-of-confinement claim was non-cognizable and that Folk had shown no entitlement to relief. Folk now appeals.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order denying Folk's Rule 60(b) motion for an abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).[2] We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] See § 12003(b)(2), Pub. L. No. 116–136, 134 Stat. 281, 516 (2020) (expanding the authority of the Bureau of Prisons under 18 U.S.C. § 3624(c)(2) to place a prisoner in home confinement in light of COVID-19).

[2] The scope of Folk's appeal is limited. Folk's notice of appeal, which is dated May 18, 2023, is only timely as to the District Court's May 11, 2023, order denying his Rule 60(b) motion, and not the underlying order denying the § 2241 petition, which was entered over

2

Folk has not shown that the District Court abused its discretion in denying his Rule 60(b) motion.  Under Rule 60(b)(1), a party may move for relief from judgment based on "mistake," which includes a judge's legal error.  See Kemp v. United States, 142 S. Ct. 1856, 1862 (2022).  Here, however, the District Court properly determined that there was no error requiring relief under Rule 60(b).

A conditions-of-confinement claim is cognizable in § 2241 proceedings "*only in extreme cases*."  Hope v. Warden York Cnty. Prison, 972 F.3d 310, 324 (3d Cir. 2020) (cleaned up).  While "extraordinary circumstances . . . existed in March 2020 because of the COVID-19 pandemic," id., the circumstances were different when the District Court ruled in April 2022.  By then, Folk had already contracted and recovered from COVID-19, and he had access to effective COVID-19 vaccines (though his medical records reflect that he has refused to be vaccinated).  See generally Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir. 2021) (considering an appellant's natural immunity and access to vaccines when assessing his imminent risk of serious physical injury for purposes of an application for in forma pauperis status).  This is not the sort of "extreme" case for which

---

a year earlier, on April 14, 2022.  See Fed. R. App. P. 4(a)(1) (setting a 60-day time limit for filing an appeal when one of the parties is a United States agency, officer, or employee).  Because the Rule 60(b) motion was not filed within 28 days of the underlying order denying the action, it did not toll the time to appeal.  See Fed. R. App. P. 4(a)(4)(A)(vi); Lizardo v. United States, 619 F.3d 273, 278–80 (3d Cir. 2010).  We therefore lack jurisdiction over the underlying order denying the action.  See Bowles v. Russell, 551 U.S. 205, 214 (2007).

a conditions-of-confinement claim is cognizable in § 2241 proceedings. Cf. Hope, 972 F.3d at 324.

To the extent that Folk raised a conditions-of-confinement claim related to the conditions of the facilities or the lack of adequate medical care at FCI-Allenwood, these claims are similarly non-cognizable. Id. Further, Folk has since been transferred to FCI-Schuylkill. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam) (explaining that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims"). To the extent that Folk's claim was properly construed as falling under the CARES Act, the District Court properly concluded that it lacked authority to order that Folk be placed in home confinement. See United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021). Moreover, Folk did not challenge the BOP's exercise of discretion, cf. Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (per curiam), and, indeed, disavowed any intent to do so, see 3d Cir. ECF No. 7 at 1; ECF No. 14 at 2.

Accordingly, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Folk's "Motion for Briefing Schedule or Remand Back to District Court in Light of New Exhibits that Will Overrule 28 U.S.C. § 1915(e)(2) and L.A.R. 27.4 and I.O.P. 10.6," is denied.

4