NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0406n.06

No. 22-1897

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 20, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| JOHN JOSEPH BRAVATA, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BATCHELDER, GRIFFIN, and LARSEN, Circuit Judges.

PER CURIAM. John Joseph Bravata appeals the district court's order denying his motion for immediate release to home confinement. As set forth below, we **AFFIRM** the district court's order.

In March 2013, a jury convicted Bravata on one count of conspiring to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349, and fourteen counts of aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 2 and 1343. The district court subsequently sentenced Bravata to 240 months of imprisonment followed by three years of supervised release and ordered him to pay $44.5 million in restitution. On direct appeal, we affirmed Bravata's convictions, sentence, and restitution amount. *United States v. Bravata*, 636 F. App'x 277 (6th Cir.), *cert. denied*, 137 S. Ct. 82, *reh'g denied*, 137 S. Ct. 541 (2016). Bravata is currently 55 years old and confined at FCI Elkton with a projected release date of December 28, 2027. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Aug. 22, 2023).

In June 2020, Bravata, then confined at FCI Terre Haute, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. *Bravata v. Lammer*, No. 2:20-cv-290 (S.D. Ind.). Bravata asserted that the respondents, the warden of FCI Terre Haute and the director of the Bureau of Prisons (BOP), had twice approved him to serve his remaining sentence in home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (Mar. 27, 2020), and then revoked that approval. According to Bravata, the alternating approval and disapproval of home confinement violated the prohibition on cruel and unusual punishment under the Eighth Amendment, his rights to substantive and procedural due process under the Fifth Amendment, and the requirement under the Administrative Procedure Act (APA) that agencies act in a manner that is not arbitrary and capricious. The district court denied Bravata's habeas petition.

Ten months later, in September 2021, Bravata filed a pro se motion for immediate release to home confinement in his criminal case. Bravata alleged that the BOP had thrice approved him for immediate release to home confinement under the CARES Act and—after he had signed release papers, entered quarantine, and notified his family—rescinded that approval based on a request from the United States Attorney's Office for the Eastern District of Michigan. Bravata asserted that home confinement was appropriate because he was likely to prevail on his pending motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and that the BOP's rescission of approval for home confinement based on the prosecutor's intervention violated his Eighth Amendment right to be free from cruel and unusual punishment, his Fifth Amendment rights to substantive and procedural due process, and the APA's prohibition on arbitrary and capricious action by government agencies. After the government construed Bravata's motion as seeking

compassionate release under 18 U.S.C. § 3582(c)(1)(A), he disavowed that he had filed a motion for compassionate release.

The district court denied Bravata's motion for immediate release to home confinement as well as his pending motion to vacate. The district court concluded that the final decision to release a defendant to serve the remainder of a sentence in home confinement was to be made by the Department of Justice after consideration by two of its agencies—the BOP and the United States Attorney's Office—and that the decision in Bravata's case was not arbitrary or capricious. This appeal followed.

As the government points out, no statutory authority allows a district court to order a defendant's immediate release to home confinement via a post-judgment motion in a criminal case. The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). A sentencing court has no authority to order a prisoner's imprisonment in a particular place; that decision is within the sole discretion of the BOP. *See Klawonn v. United States*, 11 F. App'x 559, 561 (6th Cir. 2001); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995). And the BOP's "designation of a place of imprisonment . . . is not reviewable by any court." 18 U.S.C. § 3621(b).

The BOP may place a prisoner in "prerelease custody," including home confinement, to afford the prisoner a reasonable opportunity to adjust to and prepare for reentry into the community. 18 U.S.C. § 3624(c). The period of home confinement is ordinarily limited to "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id*. § 3624(c)(2). In light of the COVID-19 pandemic, the CARES Act allowed the BOP to "lengthen the maximum amount of time for which" home confinement was authorized under § 3624(c)(2) as the BOP deemed appropriate during the national emergency. CARES Act § 12003(b)(2), 134 Stat. at 516. "Decisions regarding home confinement under the CARES Act as well as decisions regarding

prison assignment are reserved to the Bureau of Prisons." *United States v. Mathews*, No. 21-1697, 2022 WL 1410979, at *3 (6th Cir. Apr. 4, 2022); *see United States v. Jones*, No. 21-3357, 2021 WL 8082963, at *2 (6th Cir. Dec. 14, 2021); *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).  Accordingly, the district court lacked authority to order Bravata's immediate release to home confinement.

As for Bravata's constitutional challenges to the BOP's rescission of approval for home confinement based on the prosecutor's intervention, his claims implicate the execution of or manner in which his sentence is served and should be filed in the court having jurisdiction over his custodian under 28 U.S.C. § 2241.  *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).  Bravata has already unsuccessfully done so.  As for Bravata's challenge to the BOP's decision under the APA, the APA's judicial review provisions do not apply to the BOP's placement decisions, including decisions regarding home confinement.  *See* 18 U.S.C. § 3625.

For these reasons, we **AFFIRM** the district court's order denying Bravata's motion for immediate release to home confinement.